FEB 16 2021 PM 2:48
FILED-USDC-CT-HRTFRD

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury H-20-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 20-CR-261 (MPS) (SALM) |
| v. | VIOLATIONS: |
| JOSEPHER Y. CARTAGENA, ALEXANDER J. SANTIAGO, DOUGLAS NOBLE, and JUSTIN J. HERRERA | 18 U.S.C. § 371 (Conspiracy) |
| | 18 U.S.C. § 2312 (Transportation of Stolen Vehicles) |
| | 18 U.S.C. § 2313 (Possession of Stolen Vehicles) |
| | 18 U.S.C. § 2314 (Transportation of Stolen Property) |
| | 18 U.S.C. § 2315 (Possession of Stolen Property) |
| | 18 U.S.C. § 2 (Aiding and Abetting) |

SUPERSEDING INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy)

At all times relevant to this Superseding Indictment:

The Defendants and Co-Conspirators

1. The defendant JOSEPHER Y. CARTAGENA resided in the State of New York.

2. The defendant ALEXANDER J. SANTIAGO resided in the State of New York.

3. The defendant DOUGLAS NOBLE resided in the State of New York.

4. The defendant JUSTIN J. HERRERA resided in the State of New York.

<u>The Conspiracy</u>

5. Beginning in or about July 2020 and continuing until on or about January 15, 2021, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants JOSEPHER Y. CARTAGENA, ALEXANDER J. SANTIAGO, DOUGLAS NOBLE, and JUSTIN J. HERRERA (referred to collectively herein as "the Defendants"), and their co-conspirators, both known and unknown to the Grand Jury, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree together with each other and others to:

   a. transport in interstate commerce stolen motor vehicles, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2312;

   b. receive, possess, conceal, store, barter, sell, and dispose of motor vehicles, which had crossed a State or United States boundary after being stolen, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2313;

   c. transport in interstate commerce goods, wares, merchandise, and money, of the value of $5,000 or more, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2314; and

   d. receive, possess, conceal, store, barter, sell, and disposes of goods, wares, merchandise, and money of the value of $5,000 or more, which had crossed a State or United States boundary after being

stolen, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2315.

Manner and Means of the Conspiracy

6.     The manner and means by which the defendants, their co-conspirators, and others known and unknown to the Grand Jury, sought to accomplish and did accomplish the objects of the conspiracy included the following:

7.     It was part of the conspiracy that the defendants and their co-conspirators would and did agree to steal motor vehicles from car dealerships, private residential properties and other locations in Connecticut and elsewhere; and would and did agree to steal cell phones and other merchandise from cell phone stores and other locations in Connecticut and elsewhere.

8.     It was further part of the conspiracy that the defendants and their co-conspirators would and did agree to transport and did transport those stolen vehicles, stolen cell phones, and other stolen property, including such stolen property with a value greater than $5,000, from within the State of Connecticut to outside the State of Connecticut including to, among other places, the State of New York.

9.     It was further part of the conspiracy that the defendants and their co-conspirators would and did travel together by car from the State of New York to various car dealerships located in Connecticut, where they would and did forcibly enter those businesses, and once inside they would and did locate and steal motor vehicle keys and key fobs from car dealerships.

10.    It was further part of the conspiracy that at the various car dealerships, the defendants and their co-conspirators would and did use the stolen motor vehicle keys and key fobs to unlock and operate various motor vehicles parked in the car dealerships' parking lots, and steal those motor vehicles.

11. It was further part of the conspiracy that the defendants and their co-conspirators would and did similarly travel together by car from the State of New York to various cell phone retail stores located in Connecticut, where they would and did forcibly enter those businesses, and once inside they would and did locate and steal cell phones and other merchandise.

12. It was further part of the conspiracy that at the various cell phone retail stores, the defendants and their co-conspirators would and did carry away cell phones and other merchandise out of the cell phone retail stores, place such stolen property into the vehicles they were operating and would and did steal that property.

13. It was further part of the conspiracy that the defendants and their co-conspirators would and did transport the stolen motor vehicles, and the stolen cell phones and other merchandise, from the State of Connecticut to outside Connecticut including to, among other places, the State of New York.

## Overt Acts

14. In furtherance of the conspiracy and to effect its illegal objects, the defendants and their co-conspirators committed and caused to be committed the following overt acts in the District of Connecticut and elsewhere:

   a. On or about July 25, 2020, at the Danbury Dodge dealership in Danbury, Connecticut, members of the conspiracy broke a window in the dealership's service bay door to gain entry to the dealership, took a key fob belonging to a white 2020 Dodge Charger SRT Hellcat, and stole the vehicle.

   b. On or about July 25, 2020, members of the conspiracy transported, and caused the transport of, the stolen white 2020 Dodge Charger SRT Hellcat from the State of Connecticut to the State of New York.

   c. From on or about July 25, 2020 through December 2020, the exact dates being unknown, CARTAGENA possessed the stolen white 2020 Dodge Charger SRT Hellcat.

   d. On or about July 28, 2020, CARTAGENA entered a private residential property in Danbury, Connecticut, and stole a white 2020 Jeep Gladiator Rubicon located there.

e. On or about July 28, 2020, CARTAGENA transported, and caused the transport of, the stolen white 2020 Jeep Gladiator Rubicon from the State of Connecticut to the State of New York.

f. On or about July 29, 2020, at an AT&T store in Guilford, Connecticut, CARTAGENA, SANTIAGO, and NOBLE broke a glass window to gain entry to the store, and collected cell phones and other merchandise, and carried that property out to their vehicle and drove away, stealing the property.

g. On or about July 29, 2020, at the Milford Auto Group dealership in Milford, Connecticut, CARTAGENA and SANTIAGO broke a glass door to gain entry to the dealership, collected key fobs, and tested whether the key fobs triggered any vehicles in the dealership's lot.

h. On or about July 29, 2020, CARTAGENA used a key fob that triggered a red 2019 Jeep Grand Cherokee in the lot of the Milford Auto Group dealership in Milford, Connecticut, and stole that vehicle.

i. On or about July 29, 2020, CARTAGENA, SANTIAGO, and NOBLE transported, and caused the transport of, the stolen red 2019 Jeep Grand Cherokee from the State of Connecticut to the State of New York.

j. On or about July 31, 2020, members of the conspiracy returned to the Milford Auto Group dealership in Milford, Connecticut, and using a key fob stolen from the dealership on July 29, 2020, entered and stole a black 2020 Jeep Grand Cherokee Overland.

k. On or about November 20, 2020, SANTIAGO, NOBLE, and a co-conspirator broke glass windows and doors to force entry into cell phone stores in Connecticut, including a Verizon store in Westport, Connecticut, a Verizon store in Stamford, Connecticut, and an AT&T store in Greenwich, Connecticut.

l. On or about November 20, 2020, SANTIAGO, NOBLE, and a co-conspirator stole cell phones and other merchandise from cell phone stores in Connecticut, including the Westport and Greenwich stores described above, and transported and caused the transport of that stolen property from the State of Connecticut to the State of New York.

m. On or about December 11, 2020, SANTIAGO, NOBLE, HERRERA, and other co-conspirators broke glass windows and doors to force entry into cell phone stores in Connecticut, including a Verizon store in Westport, Connecticut, a T-Mobile store in Stratford, Connecticut, and a Verizon store in Orange, Connecticut.

n. On or about December 11, 2020, SANTIAGO, NOBLE, HERRERA, and other co-conspirators stole cell phones and other merchandise from cell phone stores in Connecticut, including the Westport, Stratford, and Orange cell phone stores described above, and transported and caused the transport of that stolen property from the State of Connecticut to the State of New York.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
(Transportation of a Stolen Vehicle)

15.  Paragraphs 1 through 14 are incorporated herein.

16.  On or about July 25, 2020, in the District of Connecticut and elsewhere, the defendants JOSEPHER Y. CARTAGENA and ALEXANDER J. SANTIAGO did unlawfully transport in interstate commerce, and did aid and abet in the unlawful transport in interstate commerce of, a stolen motor vehicle, that is, a white 2020 Dodge Charger SRT Hellcat, from Danbury, Connecticut, to the State of New York, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2312 and 2.

## COUNT THREE
(Possession of a Stolen Vehicle)

17.  Paragraphs 1 through 14 and 16 are incorporated herein.

18.  From on or about July 25, 2020 and continuing through December 2020, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants JOSEPHER Y. CARTAGENA, ALEXANDER J. SANTIAGO, and DOUGLAS NOBLE did receive, possess, conceal, store, barter, sell, and dispose of, and did aid and abet in the same, a stolen motor vehicle, that is, a white 2020 Dodge Charger SRT Hellcat, which vehicle had crossed a State boundary after being stolen, specifically, said vehicle being stolen on July 25, 2020 in Danbury, Connecticut, and subsequently brought into the State of New York, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2313 and 2.

## COUNT FOUR
(Transportation of a Stolen Vehicle)

19.  Paragraphs 1 through 14 are incorporated herein.

20. On or about July 28, 2020, in the District of Connecticut and elsewhere, the defendants JOSEPHER Y. CARTAGENA, ALEXANDER J. SANTIAGO, and DOUGLAS NOBLE did unlawfully transport in interstate commerce, and did aid and abet in the unlawful transport in interstate commerce of, a stolen motor vehicle, that is, a white 2020 Jeep Gladiator Rubicon from Danbury, Connecticut, to the State of New York, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2312 and 2.

## COUNT FIVE
(Possession of a Stolen Vehicle)

21. Paragraphs 1 through 14 and 20 are incorporated herein.

22. On or about July 28, 2020, in the District of Connecticut and elsewhere, the defendants JOSEPHER Y. CARTAGENA, ALEXANDER J. SANTIAGO, and DOUGLAS NOBLE did receive, possess, conceal, store, barter, sell, and dispose of, and did aid and abet in the same, a stolen motor vehicle, that is, a white 2020 Jeep Gladiator Rubicon, which vehicle had crossed a State boundary after being stolen, specifically, said vehicle being stolen on July 28, 2020 in Danbury, Connecticut, and subsequently brought into the State of New York, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2313 and 2.

## COUNT SIX
(Transportation of a Stolen Vehicle)

23. Paragraphs 1 through 14 are incorporated herein.

24. On or about July 29, 2020, in the District of Connecticut and elsewhere, the defendants JOSEPHER Y. CARTAGENA, ALEXANDER J. SANTIAGO, and DOUGLAS NOBLE did unlawfully transport in interstate commerce, and did aid and abet in the unlawful

transport in interstate commerce, a stolen motor vehicle, that is, a red 2019 Jeep Grand Cherokee from Milford, Connecticut, to the State of New York, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2312 and 2.

## COUNT SEVEN
(Possession of a Stolen Vehicle)

25. Paragraphs 1 through 14 and 24 are incorporated herein.

26. On or about July 29, 2020, in the District of Connecticut and elsewhere, the defendants JOSEPHER Y. CARTAGENA, ALEXANDER J. SANTIAGO, and DOUGLAS NOBLE did receive, possess, conceal, store, barter, sell, and dispose of, and did aid and abet in the same, a stolen motor vehicle, that is, a red 2019 Jeep Grand Cherokee, which vehicle had crossed a State boundary after being stolen, specifically, said vehicle being stolen on July 29, 2020 in Milford, Connecticut, and subsequently brought into the State of New York, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2313 and 2.

## COUNT EIGHT
(Transportation of Stolen Property)

27. Paragraphs 1 through 14 are incorporated herein.

28. On or about July 29, 2020, in the District of Connecticut and elsewhere, the defendants JOSEPHER Y. CARTAGENA, ALEXANDER J. SANTIAGO, and DOUGLAS NOBLE did unlawfully transport in interstate commerce, and did aid and abet in the unlawful transport in interstate commerce, stolen goods, wares, and merchandise, that is, cell phones and other merchandise stolen from an AT&T store in Guilford, Connecticut, of the value of $5,000 or more, from the State of Connecticut to the State of New York, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2314 and 2.

## COUNT NINE
(Possession of Stolen Property)

29. Paragraphs 1 through 14 and 28 are incorporated herein.

30. On or about July 29, 2020, in the District of Connecticut and elsewhere, the defendants JOSEPHER Y. CARTAGENA, ALEXANDER J. SANTIAGO, and DOUGLAS NOBLE did receive, possess, conceal, store, barter, sell, and dispose of, and did aid and abet in the same, certain stolen property, that is, cell phones and other merchandise stolen from an AT&T store in Guilford, Connecticut, of the value of $5,000 or more, which property had crossed a State boundary after being stolen, specifically, said property being stolen on July 29, 2020 in Guilford, Connecticut, and subsequently brought into the State of New York, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2315 and 2.

## COUNT TEN
(Transportation of Stolen Property)

31. Paragraphs 1 through 14 are incorporated herein.

32. On or about November 20, 2020, in the District of Connecticut and elsewhere, the defendants JOSEPHER Y. CARTAGENA, ALEXANDER J. SANTIAGO, and DOUGLAS NOBLE did unlawfully transport in interstate commerce, and did aid and abet in the unlawful transport in interstate commerce, stolen goods, wares, and merchandise, that is, cell phones and other merchandise stolen from cell phone stores in Connecticut, including a Verizon store in Westport, Connecticut, and an AT&T store in Greenwich, Connecticut, of the value of $5,000 or more, from the State of Connecticut to the State of New York, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2314 and 2.

## COUNT ELEVEN
(Possession of Stolen Property)

33. Paragraphs 1 through 14 and 32 are incorporated herein.

34. On or about November 20, 2020, in the District of Connecticut and elsewhere, the defendants JOSEPHER Y. CARTAGENA, ALEXANDER J. SANTIAGO, and DOUGLAS NOBLE did receive, possess, conceal, store, barter, sell, and dispose of, and did aid and abet in the same, certain stolen property, that is, cell phones and other merchandise stolen from cell phone stores in Connecticut, including a Verizon store in Westport, Connecticut, and an AT&T store in Greenwich, Connecticut, of the value of $5,000 or more, which property had crossed a State boundary after being stolen, specifically, said property being stolen on November 20, 2020 in Westport, Connecticut, in Greenwich, Connecticut, and elsewhere, and subsequently brought into the State of New York, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2315 and 2.

## COUNT TWELVE
(Transportation of Stolen Property)

35. Paragraphs 1 through 14 are incorporated herein.

36. On or about December 11, 2020, in the District of Connecticut and elsewhere, the defendants JOSEPHER Y. CARTAGENA, ALEXANDER J. SANTIAGO, DOUGLAS NOBLE and JUSTIN J. HERRERA did unlawfully transport in interstate commerce, and did aid and abet in the unlawful transport in interstate commerce, stolen goods, wares, and merchandise, that is, cell phones and other merchandise stolen from cell phone stores in Connecticut, including a Verizon store in Westport, Connecticut, a T-Mobile store in Stratford, Connecticut, and a Verizon store in Orange, Connecticut, of the value of $5,000 or more, from the State of Connecticut to the State of New York, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2314 and 2.

## COUNT THIRTEEN
(Possession of Stolen Property)

37. Paragraphs 1 through 14 and 36 are incorporated herein.

38. On or about December 11, 2020, in the District of Connecticut and elsewhere, the defendants JOSEPHER Y. CARTAGENA, ALEXANDER J. SANTIAGO, DOUGLAS NOBLE and JUSTIN J. HERRERA did receive, possess, conceal, store, barter, sell, and dispose of, and did aid and abet in the same, certain stolen property, that is, cell phones and other merchandise stolen from cell phone stores in Connecticut, including a Verizon store in Westport, Connecticut, a T-Mobile store in Stratford, Connecticut, and a Verizon store in Orange, Connecticut, of the value of $5,000 or more, which property had crossed a State boundary after being stolen, specifically, said property being stolen on December 11, 2020 in Westport, Connecticut, in Stratford, Connecticut, in Orange, Connecticut, and elsewhere, and subsequently brought into the State of New York, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2315 and 2.

## FORFEITURE ALLEGATION
(Conspiracy to Transport and Possess Stolen Vehicles, and Transportation and Possession of Stolen Vehicles)

39. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 371, 2312, and 2313, set forth in Counts One through Seven of this Superseding Indictment, defendants JOSEPHER Y. CARTAGENA, ALEXANDER J. SANTIAGO, DOUGLAS NOBLE, and JUSTIN J. HERRERA shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(5), all right, title, and interest in any and all property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of the offenses, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

40.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with 18 U.S.C. § 982, 21 U.S.C. § 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

FORFEITURE ALLEGATION
(Conspiracy to Transport and Possess Stolen Property,
and Transportation and Possession of Stolen Property)

41.     Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 371, 2314, and 2315, set forth in Counts One and Eight through Thirteen of this Superseding Indictment, defendants JOSEPHER Y. CARTAGENA, ALEXANDER J. SANTIAGO, DOUGLAS NOBLE, and JUSTIN J. HERRERA shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

42.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be

divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with 18 U.S.C. § 981(a)(1), as incorporated by 28 U.S.C. § 2461(c), 21 U.S.C. § 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON

LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

ROBERT S. RUFF
ASSISTANT U.S. ATTORNEY